## THE STATE v. HORACE CODINGTON.

Argued June 7, 1910—Decided January 20, 1911.

1. The excusing of a grand juror by the court, of its own motion, for sufficient cause, is a legitimate exercise of judicial power.
2. An indictment drawn under a statute which makes criminal the act of a township officer in obtaining moneys from the township "not lawfully and justly due to said officer at the time of obtaining the same," averred that H. C., being an officer of the township of W., unlawfully and willfully obtained from that township "moneys of the township not being then and there lawfully and justly due to him the said H. C. from the said township of W." *Held*, that the averment sets forth the crime denounced by the statute; that the words quoted convey the idea by necessary implication, that the moneys were not due to H. C. either in his official capacity or personally.
3. An instruction to the jury that they have a right to consider the absence of corroboration of the testimony given by a defendant in a criminal trial, whenever such testimony might presumably have been corroborated, is not erroneous.

On error to the Somerset Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *William V. Steele* and *Gilbert Collins.*

For the defendant in error, *Frederick A. Pope,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was indicted for and convicted of a violation of section 169 of the Crimes act (*Pamph. L.* 1898, *p.* 840), which provides that any officer of any township of this state who shall hereafter obtain any sum or sums of money from any such township not law-

fully and justly due to said officer at the time of obtaining the same shall be guilty of a misdemeanor.

The first assignment of error attacks the ruling of the trial court in refusing a motion to quash the indictment. The grounds upon which this motion was rested were—*first,* because the grand jury was improperly constituted; *second,* because the indictment was defective on its face. But this judicial action cannot be reviewed upon this writ of error, for no exception was signed and sealed to the refusal. After the rendition of the verdict, a motion was made in arrest of judgment upon the same grounds as those upon which the application to quash was based; this motion was also refused; the ruling excepted to, and the exception duly signed and sealed. Error being assigned thereon, the matter is properly before us for consideration. *State* v. *Hoffman,* 42 *Vroom* 285.

The claim that the grand jury which presented the indictment against the plaintiff in error was not a legally-constituted body is rested upon the fact that two of the persons who were drawn to serve upon it were discharged by the court before it was impaneled, without any reason for such judicial action having been expressed; the court stating that it would excuse these persons from service "for reasons best known to the court." In *Thomp. & Merr. Jur.,* § 580, it is said: "There would seem to be no rule to interfere with the discretion of the court to excuse or discharge a member of the grand jury for reasons deemed sufficient. * * * The court is not deprived of its function in this respect because the legislature has seen fit to designate one or more causes authorizing the discharge of a grand juror." We fully concur in this statement of the law upon the subject, and consider it entirely settled in this state that the excusing of a grand juror by the court, of its own motion, for sufficient cause, is a legitimate exercise of judicial power. And, indeed, that this is the state of the law is not controverted by counsel for the plaintiff in error. His point is that the court cannot arbitrarily, and without cause, refuse to allow a person who has been drawn as a grand juror to serve upon the panel. The case, however, does not present this question for decision. The record before us shows, not

that the action of the court was arbitrary, and without good cause, but that there were reasons within the knowledge of the court which, in its opinion, required the action taken by it. In the absence of information of what those reasons were it must be assumed by us that they were of such a character as to justify the court's action. *Omnia praesumuntur rite esse acta.* Ordinarily, it is better that the reasons upon which the court acts should be publicly stated, yet, whether or not they shall be, in a given case, is necessarily a matter within the discretion of the court; for it may readily be that the doing so would unnecessarily disgrace the excused juror, and, possibly, be a violation of settled public policy—for instance, where the fact which justified the excusing of the juror had been communicated by him to a member of the court while the latter was at the bar, and the relation of attorney and client had existed between them, and the communication had been made under the protection of that relationship.

We conclude, therefore, that the grand jury, which presented the indictment against the defendant, was a legally-constituted body.

The contention that the indictment is defective on its face rests upon the assertion that it does not charge that the money received by the plaintiff in error (who was then the township clerk of Warren township, in Hunterdon county) was not due to him as such officer. The charge in the indictment is this: That Horace Codington, late, &c., on, &c., at, &c., being an officer of the township of Warren, in the county of Somerset, to wit, township clerk, unlawfully and willfully did obtain from the said township of Warren $250 in money of the moneys of the said township, the money so obtained not being then and there lawfully and justly due to him, the said Horace Codington, from the said the township of Warren, &c. We think the indictment accurately specifies the act which the statute makes criminal. The legislative purpose indicated by the act is to punish a township officer for obtaining money of the township not lawfully due to him either in his official capacity or personally. The language of the statute is "not lawfully and justly due to said officer." The indictment shows

that the plaintiff in error was an officer of the township; that he obtained moneys from the township, and that those moneys were not due to "said officer."

We conclude, therefore, that the motion in arrest of judgment was properly refused.

The next assignment of error argued before us is that the court erred in admitting evidence of another misdemeanor committed by the plaintiff in error in refusing to turn over the clerk's books to his successor. There is, however, no assignment of error based upon this ruling, and the matter is, therefore, not before us for consideration.

The next assignment of error is directed at the instruction of the court to the jury to the effect that it was not necessary that the money should have been paid to him as township clerk. We think this instruction proper for the reason we have already indicated in discussing the motion in arrest of judgment.

The next assignment of error attacks the following instruction to the jury: "You have a right to consider the defendant's lack of corroboration wherever he could have been corroborated. That does not prove that what he said is not so by any means; but you have a right to consider the fact that others who might have helped him to establish these things by corroboration were not called." This instruction, we think, is entirely justified by the opinion of this court in *State* v. *Callahan,* 47 *Vroom* 426. In that case it was held that the non-production of a witness who is presumptively able to explain the circumstances which constitute a *prima facie* case against the defendant may be considered by the jury in weighing the effect of evidence applicable to the matter in dispute, but that it does not raise any presumption of guilt or innocence. The principle upon which this rule rests is equally applicable to the conditions dealt with in the instruction complained of.

The last contention on behalf of the plaintiff in error argued before us is that the following instruction to the jury upon the subject of reasonable doubt was inaccurate, viz.: "You must give the defendant the benefit of any reasonable doubt in your minds. It is the duty of the state in every criminal case to

establish the guilt of the accused beyond a reasonable doubt; such a doubt as honest men have in their minds, honest jurors, under oath, after considering all the evidence in the case. If, after considering all the evidence in the case you have an honest doubt as to the guilt of the accused, the accused is entitled to the benefit of that doubt and should receive an acquittal. If, after considering all the evidence, you have no such reasonable doubt, then your verdict should be one of conviction." This instruction was excepted to, but no assignment of error attacks its validity. The only assignment which bears upon the portion of the charge relating to reasonable doubt is that the trial court did not define to the jury what a reasonable doubt was. That this assignment is without basis of fact is apparent from the instruction just recited. As the accuracy of the instruction is not challenged by the assignment, we do not feel called upon to express an opinion thereon.

The judgment under review will be affirmed.