THE STATE, DEFENDANT IN ERROR, v. CHARLES A ROB-
INSON, PLAINTIFF IN ERROR.

Submitted July 6, 1911—Decided August 25, 1911.

Section 11 of the Criminal Procedure act of 1898 (*Pamph. L., p. 869*), requiring the sheriffs of the several counties to cause to come before the Courts of Oyer and Terminer at the times and places of holding the same, twenty-four good and lawful men to serve as grand jurors, makes no change in the rule of common law which has always prevailed in this state, that a grand jury shall consist of not more than twenty-three members.

On error to Ocean Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Halsted H. Wainwright.*

For the state, *Isaac W. Carmichael.*

The opinion of the court was delivered by

PARKER, J. The sole point on this writ of error is that the indictment against the defendant below should have been quashed because, as is claimed, the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866), by section 11, requires a grand jury to consist of twenty-four members, and the grand jury as sworn consisted of only twenty-three. The section is as

follows: "The respective sheriffs of the several counties of this state shall cause to come before the said Court of Oyer and Terminer, at the times and places of holding their respective courts, twenty-four good and lawful men to serve as grand jurors, and so many good and lawful men to serve as petit jurors as shall be necessary, and without any precept being issued for that purpose."

It is conceded that up to 1819 an indictment might lawfully be found by any number of grand jurors, not less than twelve nor more than twenty-three; but it is claimed that the act of 1819 (*Rev.* 1821, *p.* 658), the first section of which is practically identical in language with the statute now in force, changed the law, and that since then a grand jury must consist of twenty-four members, no less and no more; and counsel argue with boldness that since 1819 our uniform practice of excusing at least one grand juror of the twenty-four returned, and swearing in not more than twenty-three, as at common law (4 *Bl. Com.* 302), has been without warrant of law.

A very cursory examination of the history of the statute is sufficient to set at rest any possible doubt as to the legality of the existing practice, and to demonstrate that the change effected and intended by the act of 1819 was to dispense with the requirement of a precept to the sheriff whenever a grand jury was to be summoned, and that no alteration in the established number of grand jurors was contemplated.

Such a precept was required in England at common law. *Prof. Jury Tr.*, § 45. It was also required by our act of 1794, constituting Courts of Oyer and Terminer. *Pat. L., p.* 137, § 5, which, it should be noted, is in substantially the same words as the section now in force, except that it concludes, "to be contained in the precept also issued for that purpose." Section 6 requires the clerk of the Supreme Court to issue these precepts, naming the day and place, when and where the court is to sit.

Respecting the Courts of Quarter Sessions, similar provisions are found in sections 2 and 3 of the Quarter Sessions act of 1794. *Pat. L., p.* 129.

The act of 1819 simply changed the words "to be contained in the precept," &c., in section 5 to read "without any precept," and went on in its second section to repeal not only the fifth section of the act of 1794, but also the sixth section which required the clerk to issue the precepts; and in 1822 a similar change was made in the corresponding sections of the Quarter Sessions act. *Halst. Comp.* 21.

Several of our earlier decisions throw light on the question. In *State* v. *Nicholls, 2 South.* 539, an indictment found in 1818 was quashed for absence of a precept. The change made by the statute was discussed incidentally in *State* v. *Rickey, 4 Halst.* 298, 299, and in *Chase* ads. *State* (1843), *Spenc.* 218, an indictment in Elizabeth borough, found by a grand jury not summoned pursuant to a precept was quashed, because at the time Elizabeth had its own system of courts to which the general laws in this particular did not apply. The effect of the act of 1819 is quite fully discussed at page 220.

Finally, the point now raised was substantially disposed of in *State* v. *Codington,* 51 *Vroom* 496, affirmed by the Court of Errors and Appeals *post p.* 728, in which case the grand jury as sworn consisted of less than twenty-three members, and a refusal to quash the indictment was sustained. The point was similarly ruled on in *State* v. *Zeller,* 48 *Vroom,* 619, 622.

The judgment will be affirmed.