# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

MARCH TERM, 1909.

---

THE STATE, DEFENDANT IN ERROR, v. WALTER ZELLER, PLAINTIFF IN ERROR.

Argued March 15, 1909—Decided June 14, 1909.

1. The statute which prescribes that if a jury find one guilty of murder they shall declare by their verdict whether it be murder in the first degree or murder in the second degree (*Pamph. L.* 1898, *p.* 824, § 107), does not confer upon the accused any right to have the jury left free to find him guilty of murder in the second degree if there be no reasonable ground for such a verdict in the evidence.
2. The finding of the trial court to the effect that a confession was voluntarily made is not reviewable on error if there be evidence to support the finding.
3. The statute which imposes upon the sheriff the duty of summoning twenty-four good and lawful men to serve as grand jurors (*Pamph. L.* 1898, *p.* 869, § 11), does not require that the entire number of twenty-four shall serve as such. In this state the practice is to permit no more than twenty-three men to be sworn upon the grand jury.

---

On error to the Court of Oyer and Terminer of Cumberland county.

619

For the plaintiff in error, *Olin Bryan* (of the Philadelphia bar) and *Edwin F. Miller.*

For the defendant in error, *J. Hampton Fithian,* prosecutor of the pleas.

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The plaintiff in error, together with Cline Wheeler and Herbert Grigg, was indicted by the grand jury of Cumberland county for the murder. of William Read. Zeller had a separate trial, and was convicted of the crime of murder in the first degree. The present writ of error brings under review the record of the conviction, together with certain bills of exceptions and a certificate of the entire proceedings had upon the trial.

The following are the points relied upon for reversal:

*First.* The indictment charged that the murder was committed at the borough of Vineland, in the county of Cumberland. It is insisted that there was no evidence that the crime took place in the borough or within the county. Counsel concedes that the borough lies entirely within the county, but contends that while there was evidence to show the crime was committed "in Vineland," it is not to be presumed that it occurred within the borough of that name, in view of what is said to be the fact, that the "Great Vineland Tract" as laid out by Charles K. Landis includes not only the entire borough of Vineland and the township of Landis, in the county of Cumberland, but also, as asserted, parts of Gloucester and Atlantic counties, and that all this tract is popularly known as "Vineland." Assuming we could take judicial notice of this (for there is no proof of it), we think that the evidence of the witnesses at the trial to the effect that the homicide took place "in Vineland" might reasonably be understood by the jury as meaning that it occurred within the borough of that name.

*Second.* The refusal of the trial judge to charge the jury that the question whether a certain confession made by Walter

Zeller and introduced in evidence was made when the mind of the prisoner was under the influence of hopes or fears held out to him by the officers of the law was a question of fact, to be determined by the trial court in the first instance and by the jury subsequently. Without going into the question of the proper function of the jury in the matter, it is sufficient to say that the record clearly shows that no such request was preferred to the trial judge.

The *third* and *fourth* points are based upon the ground that the court took from the jury the function imposed upon it by the statute of determining the degree of guilt of the prisoner, by instructing them that under the law and the evidence they could not find Zeller guilty of murder in the second degree, and that the law and the evidence, if a verdict of guilt were found, would warrant no other verdict than murder in the first degree.

While the statute (*Pamph. L.* 1898, *p.* 824, § 107) prescribes that the jury, if they find one guilty of murder, shall declare by their verdict whether it be murder in the first degree or murder in the second degree, this does not, in our opinion, confer upon the accused any right to have the jury left free to find him guilty of murder in the second degree if there be no reasonable ground for such a verdict in the evidence. Our statute (*Pamph. L.* 1898, *p.* 824, § 106) declares that murder committed in the perpetration or attempt to perpetrate a robbery is murder in the first degree. All the evidence that tended to implicate Zeller in the murder of William Read (including Zeller's own confession) tended to show that the murder was committed in the perpetration of a robbery. All the circumstances of the homicide bore a similar import as to the character of the crime. If, under the evidence, Zeller was guilty at all, he was guilty of a murder committed in the perpetration of a robbery. The charge of the trial judge upon this question was therefore entirely proper. *State* v. *Young,* 38 *Vroom* 223.

Counsel for the plaintiff in error earnestly argues that the jury, upon comparing two different statements made by Zeller

purporting to give his movements on the evening of the homicide, and by accepting parts of each of the two statements, might have come to the conclusion that Zeller was guilty of murder in the second degree only. The first of these two statements, however, in effect declares that Wheeler and Grigg were solely responsible for the murder, and that Zeller was not present at its occurrence and had no part in it. The second statement is a plain confession that Wheeler, Grigg and Zeller went together to the house of the deceased at night and murdered him in the perpetration of a robbery.

The *fifth* point relied upon is that the trial judge erred in permitting these statements to be introduced as evidence when, as is alleged, the testimony showed that they had been unlawfully and improperly obtained. This point is without substance. There was abundant evidence to show that both statements were entirely voluntary, and the conclusion of the trial court upon this question is not reviewable on error. *State* v. *Tomassi,* 46 *Vroom* 739.

The *sixth* point is that the indictment was not found by a grand jury of twenty-four men. The statute (*Pamph. L.* 1898, *p.* 869, § 11) requires the sheriff to summon twenty-four good and lawful men to serve as grand jurors. But it does not require that the entire number of twenty-four shall serve as such; indeed, the invariable practice in this state has been and is to permit no more than twenty-three men to be sworn. In this respect we follow the English practice as laid down in 4 *Bl. Com.* 302; *Rex* v. *Marsh,* 6 *Adolph. & E.* 236, 240. The *sixth* point is therefore without support in the law.

But if it were well founded, we do not mean to hold that such an error could be taken advantage of after the defendant has pleaded and gone to trial and been convicted. Rex *v.* Marsh, just cited, is an authority against the plaintiff in error on this point. And the statute under which the present review is had (*Pamph. L.* 1898, *p.* 915, § 136) provides that no judgment given upon any indictment shall be reversed for any imperfection, omission, defect in or lack of form, or

for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits.

The *seventh* and last point raised in argument is that the court permitted the witness, Spencer, to answer certain leading questions. This objection is entirely without substance, leading questions being always in the discretion of the court.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—None.