No. 13,299.

JONES v. THE PEOPLE.
(26 P. [2d] 103)

Decided September 18, 1933.

Mr. QUENTIN D. BONNER, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, for the people.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

WALTER Jones and Monrad J. Nelson were charged with murder of the first degree in killing Hartford Johnson. The jury found them both guilty of first-degree murder. Jones was sentenced to death; Nelson, to life imprisonment. Jones alone seeks a reversal of the sentence.

The defendant tendered an instruction on second-degree murder and requested the court to give it. The

court refused the request, and instructed on first-degree murder only. In one instruction the court told the jury that they might find the defendant guilty of murder of the first degree, or not guilty. It is said that this was reversible error.

The defendant has not brought the evidence to this court for inspection or review. It does not appear that the notes of the evidence were lost, or otherwise unavailable, as was the case in *King v. People,* 54 Colo. 122, 129 Pac. 235. All presumptions are in favor of the regularity of the rulings of the court during the trial, and of the correctness of the verdict and the judgment; one asserting error must show it. In the absence of the evidence, we must assume, what is not denied by counsel for the defendant, that if, under any conceivable state of the evidence, a trial court may lawfully withdraw from the jury the question of second-degree murder, the action of the trial court was justified in the present case. *Miller v. People,* 23 Colo. 95, 46 Pac. 111. In that case we quoted the following from the opinion in *Cochlin v. People,* 93 Ill. 410: "We are unable to say what the evidence against the defendant in error was, for the reason he has not preserved it in the record. But we are justified in assuming that it was conclusive of his guilt, and contained nothing of a palliating character; otherwise his counsel would have taken advantage of it by preserving it in the bill of exceptions. * * * We must therefore start out with the crime confessed upon the record, without a single circumstance to mitigate its enormity." The contention of counsel for the defendant is, not that there was any evidence tending to show second-degree murder, but that in a murder trial, no matter what the evidence is, and even where there is no evidence whatever tending to show second-degree murder, the trial court must instruct on murder of the second degree. If that contention is sound, the judgment should be reversed; otherwise it should be affirmed. No other question is argued by counsel for the defendant, or presented by the record.

There are authorities that state the law as contended for by counsel—the decisions are in conflict—but such is not the law in this state.

That an instruction should be based upon the evidence, and should not be given unless there is some evidence to support it, has been held repeatedly. Thus, in *Smith v. People,* 1 Colo. 121, Judge Hallett said: "Whether there is any evidence at all to prove a fact charged is always a question for the court, but the sufficiency of evidence to prove the facts charged must be determined by the jury. If, in a case of felonious homicide, the evidence shows the killing to have been deliberate and intentional, there is no question of manslaughter presented, and therefore no reason for submitting that question to the jury. To require the jury in such a case to pass upon the question of manslaughter would be as unreasonable and absurd as to instruct them respecting the crime of larceny. * * * We agree, that if the evidence tends to prove a case of manslaughter, or if, upon the evidence, there is any doubt whatever as to the grade of the crime, the question of manslaughter ought to be submitted to the jury; but when all the evidence tends to prove murder, if it proves anything, it cannot be wrong to say to the jury that the only question before them is, whether the accused is guilty of that crime." In *Reagan v. People,* 49 Colo. 316 (112 Pac. 785), we said: "Manslaughter was not involved. The defendant was on trial for a murder committed in perpetrating a robbery. Taking human life in such circumstances was murder of the first degree, so that defendant was either guilty of that degree of homicide, or not guilty at all. It is not error to refuse instructions which are not applicable to any facts or testimony in the case." And see *Kelly v. People,* 17 Colo. 130, 29 Pac. 805; *Mow v. People,* 31 Colo. 351, 72 Pac. 1069; *Carpenter v. People,* 31 Colo. 284, 72 Pac. 1072; *Johnson v. People,* 33 Colo. 224, 80 Pac. 133; *Wickham v. People,* 41 Colo. 345, 93 Pac. 478; *King v. People, supra; Sevilla v. People,* 65 Colo. 437, 177 Pac. 135; *Sei-*

*wald v. People,* 66 Colo. 332, 182 Pac. 20; *Dickens v. People,* 67 Colo. 409, 186 Pac. 277; *Taylor v. People,* 77 Colo. 350, 237 Pac. 159; *Shank v. People,* 79 Colo. 576, 247 Pac. 559; *Edwards v. People,* 73 Colo. 377, 215 Pac. 855; *Carlson v. People,* 91 Colo. 418, 15 P. (2d) 625; *Sparf and Hansen v. United States,* 156 U. S. 51, 15 Sup. Ct. 273; *Davis v. United States,* 165 U. S. 373, 17 Sup. Ct. 360; *Bandy v. State,* 102 Ohio St. 384, 131 N. E. 499; *State v. Mewhinney,* 43 Utah 135, 134 Pac. 632; *State v. Zeller,* 77 N. J. L. 619, 73 Atl. 498; *State v. Young,* 67 N. J. L. 223, 51 Atl. 939; *Essery v. State,* 72 Tex. Crim. 414, 163 S. W. 17; *State v. Grba,* 196 Ia. 241, 194 N. W. 250; *People v. West,* 215 Cal. 87, 8 P. (2d) 463; *People v. Northcott,* 209 Cal. 639, 289 Pac. 634; *Cole v. State,* 192 Ind. 29, 134 N. E. 867; *Mack v. State* (Ind.), 180 N. E. 279. See also notes, 27 A. L. R. 1097; 21 Id. 603; L. R. A. 1916D 610; 12 L. R. A. (N. S.) 935.

But it is contended by counsel for the defendant that assuming that the trial court, where there is no evidence of homicide of a lesser degree than murder, may refuse to instruct on such lesser degree, section 6665 of the Compiled Laws requires the court to instruct on second-degree murder in all murder cases, even though there is no evidence upon which to base such an instruction. That section provides: ''The jury before which any person indicted for murder shall be tried, shall, if it find such person guilty thereof, designate by its verdict whether it be murder of the first or second degree.'' It also contains this provision: ''If any person indicted for murder shall plead guilty to the indictment, the court shall thereupon impanel a jury as in other cases, to which shall be submitted, as the sole issue in the case, the question whether the killing was murder of the first or second degree. The jury in every such case shall find the degree thereof * * *.''

There are authorities that support counsel's contention, but the reasoning in those cases is not sufficiently

persuasive to induce us to depart from the well-established rule prevailing in this jurisdiction.

Section 6665 of the Compiled Laws provides: "All murder which shall be perpetrated by means of poison or lying in wait, * * * or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem or burglary; * * * shall be deemed murder of the first degree * * *." The purpose of that provision is obvious. Where the charge is in the statutory form, as in this case, and there is evidence to support a verdict of murder in either the first or the second degree, a verdict that states merely that the jury find the defendant guilty, or guilty as charged, would be void for uncertainty. To avoid such uncertainty, and for that reason alone, the statute requires the jury, in all such cases, to designate the degree of murder of which they find the defendant guilty. It was not the intention to require the court to instruct on second-degree murder where there is no evidence upon which to base such an instruction. Trial jurors in criminal cases take a solemn oath to render a true verdict "according to the law and the evidence." True, juries in criminal cases have the power to fly in the face of both the law and the evidence and, disregarding their oath, acquit a defendant proven guilty beyond any reasonable doubt, and in such case the court is powerless to set aside the verdict. But if a jury should find a defendant guilty of an offense, or of a degree thereof, of which, according to the law and the evidence, he is not guilty, the court not only has the power, but is in duty bound, to set aside the verdict. Clearly, therefore, a court is not required to give an instruction that would suggest to the jury that, in violation of the oath taken by them, they may find a defendant guilty of an offense, or of a degree thereof, of which there is no evidence. In *Cole v. State, supra,* the court made this pertinent observation: "A jury might have power to stultify itself by returning a verdict contrary to what it knew to be the law, since jurisdiction to decide includes power

to decide wrong. But the court, when giving instructions, is not required to insult the jurors by a suggestion that they may do so.''

■ Where murder is committed by means of poison or lying in wait, or in the perpetration of, or in an attempt to perpetrate, one of the felonies specified in section 6665, supra, there is only one degree of murder, namely, murder of the first degree. If the uncontradicted evidence is to the effect that murder was committed in one of the ways specified above, and in no other way, the question of second-degree murder is not in the case, and the defendant should be found guilty of murder of the first degree, or he should be acquitted; there is no middle course. *Dickens v. People, supra; Reagan v. People, supra; Ehrhardt v. People,* 51 Colo. 205, 117 Pac. 164; *Carlson v. People, supra.* It has been so held in a number of other jurisdictions having statutes similar to ours. *State v. Zeller, supra; State v. Young, supra; Essery v. State, supra; State v. Grba, supra; People v. Repke,* 103 Mich. 459, 61 N. W. 861; *Singh v. State,* 35 Ariz. 432, 280 Pac. 672; *Foster v. State,* 37 Ariz. 281, 294 Pac. 268.

In *Dickens v. People, supra,* the murder was accomplished by lying in wait, and, as we have seen, our statute declares murder committed in such circumstances to be murder of the first degree. The defendant claimed that he was not the person who committed the crime. We held that it was reversible error for the trial court to instruct on second-degree murder, and also reversible error to refuse the defendant's request for an instruction to the effect that the evidence showed that in the killing first-degree murder was committed, and that the verdict should be either guilty of murder of the first degree or not guilty. All of the justices agreed that, where the evidence does not require it, a refusal of a court to instruct on a lesser degree of crime is not error, and that the requested instruction correctly stated the law; but three took the view that where the court does instruct on

the lesser degree, as it did in that case, it is not reversible error. The instruction given in the present case is the same, in substance, as the instruction that we held should have been given in that case. In *Carlson v. People, supra,* the trial court instructed on first-degree murder and refused to instruct on murder of the second degree. Whether or not that was error depended upon the presence or absence of evidence to support such an instruction. Five of the justices believed that there was no evidence of second-degree murder; two took the opposite view.

The law relating to manslaughter affords an analogy. So far as the duty of the jury to designate the degree is concerned, the law relating to manslaughter is similar to the law relating to murder. Section 6670 of the Compiled Laws provides: ''Whenever a jury shall find a person guilty of manslaughter they shall designate by their verdict whether it be voluntary or involuntary manslaughter.'' In *Mahany v. People,* 31 Colo. 365, 73 Pac. 26, where the evidence would have sustained a verdict of either voluntary or involuntary manslaughter, we held that a verdict finding the defendant guilty of manslaughter, without designating the degree, was void, saying that upon such a verdict ''the court could not intelligently pronounce judgment.'' In *Sevilla v. People, supra,* we held that the statute does not deprive the court of its right to withdraw from the jury the question of involuntary manslaughter, where there is no evidence thereof. And in *Edwards v. People, supra,* where there was a conviction of voluntary manslaughter, we approved the trial court's refusal to instruct on involuntary manslaughter. Those cases show clearly the purpose and effect of statutes requiring the jury to designate the degree of the offense of which they find the defendant guilty.

Counsel for the defendant has seen fit to withhold from the court the evidence introduced at the trial. This is not intended as a criticism. Doubtless he did so because he believed that inserting the evidence in the rec-

ord would not aid his client's cause. As we have seen, counsel bases his client's right to a reversal upon the proposition that even where murder is committed in the commission of burglary, robbery, rape, or one of the other felonies specified in section 6665, Compiled Laws, the court is required to instruct on second-degree murder. From the record, the failure to bring up the evidence, and the nature of the argument of the defendant's counsel, we are justified in assuming that the murder was perpetrated in the commission of one of those felonies.

It is not suggested by counsel that the verdict was not amply supported by the evidence, or that there was any error in the admission or rejection of evidence; nor is there any complaint concerning the instructions given or concerning the refusal to instruct, save in the particulars discussed in this opinion. There is nothing in the record to indicate that the court was not justified in withholding second-degree murder from the jury's consideration, or to suggest that the defendant was not fairly tried and lawfully convicted.

We find no error in the record. The judgment, therefore, is affirmed. It is ordered that the judgment be executed during the week ending Saturday, the second day of December, 1933.

It is ordered, also, that the defendant may have thirty days within which to file a motion for a rehearing, and may, if he wishes to do so, accompany his motion with a supplemental bill of exceptions presenting the evidence for our consideration.