### No. 26537

### The People of the State of Colorado v. Doyle Horrocks

(549 P.2d 400)

Decided May 3, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Haas & Westberg, Al H. Haas, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant Doyle Horrocks appeals from his conviction of manslaughter. 1971 Perm. Supp., C.R.S. 1963, 40-3-104.[1] We affirm the judgment of conviction and remand for resentencing.

The case arose out of an August 12, 1973, shooting in Durango, Colorado. In the early morning hours, appellant and two companions pulled into the parking lot of a restaurant. The appellant's companions became involved in a scuffle with several Indians. The decedent, Kenneth Greyeyes, was a member of this group of Indians. Shortly after the scuffle broke out, Greyeyes approached appellant, brandishing a tire iron. Though testimony was conflicting as to exactly what happened next, appellant, who had obtained a revolver from his car, fired a "warning shot" in the air. He then pointed the gun in the Indian's direction and it discharged, killing him instantly. There was prosecution testimony that immediately after the first shot the decedent had started to back off. Appellant con-

---

[1]Now section 18-3-104, C.R.S. 1973.

tended that Greyeyes was advancing towards him, but that in any event he had not meant for the gun to go off the second time, and that he had not intended to kill the decedent.

After the shooting, appellant attempted to flee but was quickly apprehended by arriving police officers. Several hours later, appellant made a statement to police, a tape recording of which was played at trial. At trial, the court submitted instructions to the jury on second-degree murder, and on the lesser included offenses of manslaughter and criminally negligent homicide.

Appellant has submitted numerous arguments for reversal, of which we discuss only the following:

## I.

■ Appellant's first argument for reversal is that the trial court erred in finding probable cause following the preliminary hearing. Inasmuch as this matter was not raised before trial and appellant was found guilty by a jury, we regard the issue in its present posture as moot. *Kuypers v. Dist. Ct.*, 188 Colo. 332, 534 P.2d 1204. As noted in *Blue v. United States*, 119 D.C. App. 315, 342 F.2d 894, *cert. denied*, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964,

"* * * Where, as here, the accused has been found guilty of those charges in a full-scale trial that we have otherwise found to be free of error, the chances that he could persuade a magistrate that no probable cause exists for his continued detention are perhaps not ungenerously to be characterized as speculative."

## II.

■ Appellant next argues that the trial court committed prejudicial error in the course of the lengthy voir dire examinations. The first of the alleged errors occurred when the court examined the entire panel as the members were seated in the audience section of the courtroom. Appellant's counsel contends that he was unable to observe their reactions to the court's questions. No objection was made at the time, however, and under well-recognized principles of law we refuse to consider this argument as a basis for reversal on appeal. *Stout v. People*, 171 Colo. 142, 464 P.2d 872; *Henson v. People*, 166 Colo. 177, 442 P.2d 406; *Stewart v. People*, 162 Colo. 117, 426 P.2d 545.

■ We find no merit to appellant's further contention that the trial judge improperly restricted the scope of voir dire examination by, at one point, admonishing defense counsel to stay away from legal questions. In our view, the court did not abuse its discretion in limiting questions relating to the law, and no prejudice has been demonstrated.

## III.

■ Appellant assigns error to the district attorney's attempt to impeach the testimony of one of the prosecution witnesses, without any showing of being misled, surprised, or entrapped. Upon objection, the trial

court ultimately terminated this line of inquiry. We find no error. *See* Colo. Sess. Laws 1972, ch. 44, 39-10-201 at 238.[2] *See also People v. Hawthorne,* 190 Colo. 437, 548 P.2d 124.

### IV.

Appellant contends further that the expert opinion of a psychologist, in the form of an answer to a hypothetical question posed by defense counsel, was improperly excluded by the trial court. The basis for the exclusion was that the hypothetical question, although it contained a long and detailed recitation of the facts of the case, nevertheless did not contain all of the material facts, and that there were facts in evidence not recited in the question.

It is clear that the fairness of a hypothetical question is generally a matter within the sound discretion of the trial court. *Skeels v. People,* 145 Colo. 281, 358 P.2d 605; *Martinez v. People,* 124 Colo. 170, 235 P.2d 810, and that a ruling thereon will not be reversed in the absence of an abuse of discretion. The record does not disclose what material facts were omitted from the hypothetical question which, in the opinion of the court, might have rendered it unobjectionable.

We have examined the proffered hypothetical question and answer as revealed in an offer of proof. In our view, the question was comprehensive enough for the expert witness to be able to formulate a rational opinion, and the court was overly restrictive in excluding it.

The testimony sought to be adduced from the expert witness related only to appellant's flight, which appellant himself had explained in terms of sudden panic. It did not, as revealed by the offer of proof, relate to an attempt to explain the shooting itself. The offer of proof revealed that the psychologist would have testified that there were three alternative explanations for the appellant's flight: guilt and fear of apprehension; a psychotic and irrational response to a traumatic event; or a desire to be apprehended because of a neurotic need for self-punishment.

No evidence was presented to substantiate in any manner the second or third of these explanations for appellant's flight. And, as to the first, it is difficult to believe that its exclusion harmed appellant in the light of his explanation of his conduct. We find any error arising from the exclusion of the hypothetical question to be at most harmless.

### V.

Shortly after his arrest, appellant was interrogated at the police station, and a tape recording made of this session. The tape, which contained statements found by the court to be involuntary, was suppressed by the court and held to be inadmissible in the prosecution's case in chief. It was, however, later played in court for the purpose of impeaching appel-

[2]Now section 16-10-201, C.R.S. 1973.

lant's credibility by showing statements inconsistent with those made at trial. A transcript of the taped conversation was also admitted. The trial court, in conformity with the doctrine of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, instructed the jury that statements made in the tape could only be considered as to credibility and not as to guilt.

Appellant contends that an improper foundation was laid for the use of the tape, but in light of the admission of the transcript, from which no appeal has been made, we believe that any error with respect to the admission of the tape itself is rendered moot.

## VI.

Appellant further contends that the trial court erred in its submission to the jury of manslaughter as an included offense of second-degree murder, over his objection. Here, the lesser included offense was readily ascertainable from the charging instrument (1971 Perm. Supp., C.R.S. 1963, 40-1-603(3)),[3] and was not so remote in degree from the offense charged as to evidence an attempt by the prosecution to salvage a conviction from a weak case. *People v. Cooke*, 186 Colo. 44, 525 P.2d 426. The instruction was properly given.

## VII.

The next contention advanced is that the jury instructions, 6, 7 and 8, dealing with self-defense and accident, were improper. Defense counsel specifically stated he had no objection to these instructions. We will not consider this argument as a basis for reversal on appeal. *Stout v. People*, 171 Colo. 142, 464 P.2d 872.

## VIII.

It is argued that defendant's motion for judgment of acquittal should have been granted in view of the conflicts in the People's evidence. Viewed in a light most favorable to the People, however, *People v. Mayfield*, 184 Colo. 399, 520 P.2d 748, the evidence is more than sufficient to sustain the conviction.

## IX.

Appellant's final argument for reversal is that the jury could not rationally distinguish between the crimes of manslaughter and criminally negligent homicide, the lesser included offenses on which it was instructed. We agree. In *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316, the reckless manslaughter section of the statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-104(1)(a),[4] was declared unconstitutional. As in *People v. Webb*, 189 Colo. 400, 542 P.2d 77, inasmuch as all of the elements of the criminally negligent homicide statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-105(1)(a),[5] were here proven by ample competent evidence, we remand

[3]Now section 18-1-503(3), C.R.S. 1973.
[4]Now section 18-3-104(1)(a), C.R.S. 1973.
[5]Now section 18-3-105(1)(a), C.R.S. 1973.

the case to the district court, with directions to vacate the manslaughter conviction and to enter judgment of conviction of the lesser included offense of criminally negligent homicide, and to resentence appellant accordingly.

The judgment is affirmed and the cause remanded with directions consonant with the views herein expressed.

MR. JUSTICE DAY does not participate.