## No. 27561

### The People of the State of Colorado v. Rosemary Dominguez

(568 P.2d 54)

Decided August 22, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Rosemary Dominguez, appeals from a conviction for first-degree assault, section 18-3-202, C.R.S. 1973. We vacate that judgment and remand to the district court for resentencing on second-degree assault.

I.

The defendant contends that the evidence was insufficient to sustain conviction. That evidence indicates that the defendant and the victim were engaged in a fight in a LaJunta nightclub. After other patrons stopped the fight, the victim retreated to a restroom to clean up. She then left the restroom, was attacked again by the defendant, and the fight resumed. The manager of the nightclub sprayed both participants with an eye-irritating solution in order to stop the fight. When the victim put her head down because of the irritant, the defendant struck her in the face, severely lacerating her eye. Later pieces of broken glass were found by the police. Though there was some dispute in the testimony, the evidence supports the conclusion that the defendant inflicted the damaging blow to the victim at a time when the fighting had ceased. This fact and the other evidence presented, when viewed in the light most favorable to the jury's verdict, is sufficient to support a verdict of guilt. *People v. Bennett*, 183

Colo. 125, 515 P.2d 466 (1973).

II.

■ The defendant, citing *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975), next argues that section 18-3-202(1)(b), C.R.S. 1973, the first-degree assault statute, is unconstitutional because it imposes a higher penalty for essentially the same conduct proscribed in section 18-3-203(1)(a), C.R.S. 1973, the second-degree assault statute. We agree.

Section 18-3-202, C.R.S. 1973 provides in pertinent part:

"(1) A person commits the crime of assault in the first degree if . . .

"(b) With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of his body, he causes such an injury to any person. . .

"(2) Assault in the first degree is a class 3 felony."

Second-degree assault is defined in section 18-3-203, C.R.S. 1973 as follows:

"(1) A person commits the crime of assault in the second degree if:

"(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person. . .

"(2) Assault in the second degree is a class 4 felony."

"Serious bodily injury" is further defined in section 18-1-901(3)(p) as an ". . . injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

In *Calvaresi, supra*, we held the manslaughter statute unconstitutional because its intent requirement was not sufficiently distinguishable from the intent requirement for the lesser included offense of criminally negligent homicide. As we stated there, "[a] statute which prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations is violative of a person's right to equal protection of the laws." *People v. Calvaresi, supra.*

The two assault statutes at issue here define the type of injury sustained by the victim in substantially identical terms. The difference between "permanent" disablement and "protracted loss or impairment" is "not sufficiently apparent to be intelligently and uniformly applied." *People v. Calvaresi, supra.* Whether a particular injury will involve a "permanent" or "protracted" loss is frequently not even ascertainable at the time of trial. In fact, what we have here was succinctly put in *Calvaresi, supra*, as a "distinction without a sufficiently pragmatic difference." We hold section 18-3-202(1)(b), to be unconstitutional as violative of a persons' right to equal protection of the laws.

III.

■ Although the defendant is correct in her view of the statutes at issue, a reversal is not the proper remedy. As we have held above, the crime described in both sections of the statutes under consideration here

consist of exactly the same elements. All the elements of the lesser included offense of second-degree assault were proven by competent evidence and upon this the jury entered a finding of guilty. Under such circumstances a retrial is unnecessary. *People v. Horrocks*, 190 Colo. 501, 549 P.2d 400 (1976); *People v. Webb*, 189 Colo. 400, 542 P.2d 77 (1975); *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1974).

We remand the case to the district court with directions to vacate the judgment of conviction of first-degree assault; enter judgment of conviction on second-degree assault, and resentence the defendant accordingly.