No. 28039
No. 28053

**Stacy Till v. The People of the State of Colorado**

(581 P.2d 299)

Decided July 17, 1978.

Dennis Michael Malone, for appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, for appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Stacy Till, the appellant, was convicted by a jury of reckless manslaughter under C.R.S. 1963, 40-3-104(1)(a),[1] which was held unconstitutional in *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). The People have confessed error on this point, and agree that the conviction must be set aside.

The appellant incorrectly asserts, however, that reversal and remand for a new trial is required. Since, as we held in *Calvaresi,* the definition of reckless manslaughter contained all the elements of criminally negligent homicide,[2] the jury's verdict was also a finding of guilt of that lesser included offense. Under such circumstances, resentencing rather than retrial is the appropriate remedy. *People v. Dominquez,* 193 Colo. 468, 568 P.2d 54 (1977); *People v. Horrocks,* 190 Colo. 501, 549 P.2d 400 (1976); *People v. Webb,* 189 Colo. 400, 542 P.2d 77 (1975).

In an attempt to distinguish the above-cited cases, the appellant argues that in each case the court reviewed the transcript and found that sufficient evidence supported the lesser conviction. Here, he argues, we are unable to make such a finding because the trial transcript has not been made a part of the record on appeal. We are not persuaded by this argument.

It is the appellant's duty to designate those portions of the record he deems necessary for an appeal, and to see that the record in transmitted. C.A.R. 10 and 11. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion." C.A.R. 10(b). In the absence of a transcript, we will presume that the findings and conclusions of the trial court are correct, and that the evidence supports the judgment. *E.g., Cox v. Adams,* 171 Colo. 37, 464 P.2d 513 (1970).

In other words, the appellant here will not be permitted to take advantage of his own failure to designate the pertinent portions of the transcript as part of the record on appeal. If he intended to urge the insufficiency of the evidence, he should have ordered the trial transcript to enable us to make a meaningful ruling on his contention.

Therefore, we reverse the conviction of manslaughter and remand the case to the district court with directions to vacate the judgment of

---

[1] Now section 18-3-104(1)(a), C.R.S. 1973.
[2] C.R.S. 1963, 40-3-105 (now section 18-3-105, C.R.S. 1973).

conviction of reckless manslaughter, enter judgment of conviction of criminally negligent homicide, and resentence the appellant accordingly.

MR. JUSTICE GROVES does not participate.