The PEOPLE of the State of Colorado, Petitioner-Appellee,

In the Interest of: R. G., a child, Appellant,

and concerning, C. G. and J. G., Respondents.

No. 79CA0189.

Colorado Court of Appeals, Div. II.

Feb. 5, 1981.

Rehearing Denied March 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for petitioner-appellee.

Jake R. Valdez, Mark T. Angelos, Denver, for child appellant.

SMITH, Judge.

R.G., a minor child, appeals an adjudication of delinquency entered by the district court based upon acts which if committed by an adult would have constituted the crime of second degree assault. We affirm.

This case involves a fist fight on February 18, 1978, between two teenagers at a skating rink in Adams County. The evidence disclosed that R.G. concluded the fight by stabbing the victim three times, with one of the wounds proving fatal.

A petition in delinquency was filed alleging that R.G. was delinquent for having violated § 18–3–103(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) (murder in the second degree), and also alleging that under § 19–3–113.-1(1), C.R.S. 1973 (1978 Repl. Vol. 8), he was a "violent juvenile offender." After a trial to a jury, a verdict was returned sustaining both allegations of the petition and judgment was entered thereon.

Subsequent to trial, it was discovered that the subsection of the second degree murder statute upon which the petition was based, *supra,* had been repealed. This had occurred prior to the commission of the acts charged. Accordingly, the court set aside that portion of its original judgment based on violation of the repealed statute and re-entered the judgment based on R.G.'s commission of acts which would constitute the lesser offense of second degree assault, § 18–3–203(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

I.

R.G. first contends that the petition in delinquency was not sufficient to vest the court with jurisdiction to decree his delinquency based upon his having committed acts which would constitute second degree assault, when its sole substantive allegation concerned murder in the second degree. He also contends, in essence, that having entered an erroneous judgment and decree, the court lacked jurisdiction to vacate the same and enter another based on criminal acts not originally charged.

### A. Sufficiency of the Petition in Delinquency

R.G. contends that the petition in delinquency was not sufficiently in compliance with the requirements of C.R.J.P. 7(b)(2) to support the decree ultimately entered. We disagree. C.R.J.P. 7(b)(2) states:

"The petition shall set forth plainly the facts which bring the child within the court's jurisdiction. If the petition alleges that the child is delinquent, it shall set forth in plain and concise language, with reasonable particularity, the time, place, and manner of the acts alleged and cite the law, municipal ordinance, or court order which the child is alleged to have violated."

In pertinent part, the petition in delinquency alleged that:

"In the county of Adams, State of Colorado, at or near 8370 York Street, and on about February 18, 1978, R.D.G. did feloniously and unlawfully, with intent to cause serious bodily injury to Daniel Bernard Martinez, Jr., cause the death of Daniel Bernard Martinez, Jr.; contrary to C.R.S. 1973, 18–3–103(1)(b), as amended—SECOND DEGREE MURDER."

█ The criminal law analog to the petition in delinquency is the information. An information is sufficient if it advises the defendant of the nature and cause of the accusation against him, so that he can adequately defend himself. Section 16–5–202, C.R.S. 1973 (1978 Repl. Vol. 8); Crim.P. 7(c); *Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972). It need not specify lesser included offenses which may have been committed in commission of the described acts. *See People v. Hopper*, 69 Colo. 124, 169 P. 152 (1917). Moreover, a specific statutory reference is an immaterial part of an indictment. *People v. Marion*, 182 Colo. 435, 514 P.2d 327 (1973); and its incorrect citation is not grounds for reversal, absent substantial prejudice. *Lucero v. People*, 164 Colo. 247, 434 P.2d 128 (1967).

█ This is not a case where the accused was inadequately apprised of the acts charged which constitute his delinquency. There is no showing that R.G. was preju-diced, surprised, or unable to defend himself as to the facts charged as constituting delinquent behavior. Furthermore, since the facts set forth in the petition and those incorporated by reference to the second degree murder statute, albeit repealed, adequately informed the accused that he was charged with having committed acts which if done by an adult would have been a crime, the repeal of the pertinent statute before the petition was filed is without significance vis a vis the question of the adequacy of the information contained in the petition. And, as to that issue, we hold that R.G. was responsible for knowing that intentionally causing serious bodily injury to another whether or not it resulted in death was a crime prohibited by law.

### B. Jurisdiction of the Court

R.G. contends that the trial court could not set aside its original determination and re-enter a judgment based upon a lesser offense arising out of the same acts. We disagree.

In resolving this issue we rely upon the cases of *Till v. People*, 196 Colo. 126, 581 P.2d 299 (1978). *People v. Dominguez*, 193 Colo. 468, 568 P.2d 54 (1977); and *People v. Webb*, 189 Colo. 400, 542 P.2d 77 (1975).

In these cases, juries convicted the defendants of violating statutes which were subsequently held to be unconstitutional. However, the respective trial courts in each instance, were authorized to enter a judgment of conviction based upon a lesser included, but non-charged, offense. The rationale for that rule is that the jury must have found all of the elements of the lesser offense present in order to have returned a guilty verdict on the greater, albeit invalid charge. Therefore, although normally the lesser would merge into the greater, when the greater is removed, the lesser stands.

That is precisely the case here. R.G. was charged with, and was found to have committed, acts constituting second degree murder under § 18–3–103(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) (repealed Colo. Sess. Laws 1977, Ch. 224, at 971). That crime was defined as follows:

"A person commits the crime of murder in the second degree if: . . . with intent to cause serious bodily injury to a person other than himself, he causes the death of that person . . . ."

The jury was instructed as to the elements of this offense and, after deliberation, concluded that they had been proven. When it was discovered that this statute had been repealed, the trial court vacated its previous judgment and entered its decree of delinquency based upon R.G.'s commission of the second degree assault, § 18-3-203, C.R.S. 1973 (1978 Repl. Vol. 8). That statute reads, in pertinent part, as follows:

"A person commits the crime of assault in the second degree if: . . . with intent to cause serious bodily injury to another person. He does cause such injury to any person . . . ."

A parallel reading of these two statutes demonstrates that second degree assault was a lesser included offense within the second degree murder charge that was proven. Section 18-1-408(5) (1978 Repl. Vol. 8), C.R.S. 1973, provides in applicable part:

"A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when: . . . (c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . suffices to establish its commission."

■ Accordingly, the trial court properly ruled, that the determination of delinquency based upon the repealed statute must be set aside. Having done so, it was also correct in entering a new decree of delinquency, based upon R.G.'s having committed acts constituting second degree assault.

Even though the jury was not instructed as to the lesser included offense, R.G. had been given his day in court. All of the elements of the lesser included offense were included in the more serious offense, which he faced before the jury. The fact of his having committed the lesser included offense is implicit in, and thus a part of, the jury's verdict. *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975).

## II.

R.G. next contends that the trial court erred in admitting into evidence a knife found at the skating rink at the approximate location of, and immediately after, the incident. He asserts that its connection with the crime was not established.

■ The test for determining the relevancy of real evidence was set out in *Washington v. People*, 158 Colo. 115, 405 P.2d 735, *cert. denied*, 383 U.S. 953, 86 S.Ct. 1217, 16 L.Ed.2d 215 (1966), in which the court stated that such evidence "must only be connected in some manner with either the perpetrator, the victim, or the crime." Only where no single witness can establish the connection is an unbroken chain of custody of the specific item of evidence necessary in order to demonstrate relevancy. *Reynolds v. People*, 172 Colo. 137, 471 P.2d 417 (1970).

■ Here, two witnesses testified that the knife in question was similar to the knife they had seen in R.G.'s hand on the night of the slaying. Other testimony showed that the victim died of multiple stab wounds and that a knife similar to the proposed exhibit could have been responsible for the type of wounds the victim received. The evidence was sufficient to show a probable connection of the knife with the crime, with R.G., and with the victim and thus to make it admissible as relevant without demonstrating an unbroken chain of custody. *See People v. Brake*, 191 Colo. 390, 553 P.2d 763 (1976).

In any event, the knife was admissible since a proper chain of custody was shown. The trial court's ruling with regard to the chain of custody is supported by the record.

## III.

R.G. next claims error in the admission of a photograph showing the victim's heart with forceps through it taken at the time of an autopsy performed on the victim. The photograph was admitted at trial over the

objection of R.G. who contends that it was wholly without probative value and served only to inflame the jury. We do not agree.

■ Photographs are not rendered inadmissible merely because they reveal shocking details of the crime. *People v. Steele*, 193 Colo. 87, 563 P.2d 6 (1977). Photographs may be used as a graphic portrayal of the scene of a crime, the appearance and condition of the deceased, and any other matters which are competent for a witness to describe. *People v. Steele, supra; People v. Hosier*, 186 Colo. 116, 525 P.2d 1161 (1974).

■ The admissibility of photographs into evidence in a homicide prosecution is a matter within the discretion of a trial judge, who must weigh the probative value against the potential inflammatory effect on the jury. *People v. White*, Colo., 606 P.2d 847 (1980). Unless an abuse of discretion is shown, the trial court's ruling will not be disturbed on review. *People v. Steele, supra*. The record in the case before us supports the conclusion that the trial court applied the proper balancing test, and we find no abuse of discretion on its part.

## IV.

Finally, R.G. contends that the trial court erred in admitting respondent's statement made to his treating physician, in the presence of an Adams County sheriff's officer, without the presence of his parents, public defender, or counsel, in violation of § 19–2–102(3)(c)(I) (1978 Repl. Vol. 8), C.R.S. 1973.

After the stabbing incident, the respondent was taken to the police station where he complained of various injuries including a laceration to the back of one finger. An officer took R.G. to a hospital to be examined and treated. The officer remained present throughout the examination. When asked by the physician how he had cut his finger, R.G. responded he had cut his finger on a knife. At trial, the court allowed the officer to testify as to the conversation between R.G. and the treating physician.

In ruling that the statement was admissible, the trial court held that the statement was not made as a result of police interrogation and that, therefore, the safeguards provided in § 19–2–102(3)(c)(I), C.R.S. 1973 (1978 Repl. Vol. 8), did not apply. The trial court's analysis is correct.

Section 19–2–102(3)(c)(I), C.R.S. 1973 (1978 Repl. Vol. 8), provides:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless the parent, guardian, or legal custodian of the child was present at such interrogation . . . ."

■ The statutory language is dispositive of this issue. Here, R.G.'s statement was not made as a result of police interrogation, nor was it in any way connected with the investigation of a crime; rather, it was made in a private hospital to a private physician, who knew nothing about the crime and whose only interest was in treating R.G. pursuant to R.G.'s own request. Thus, the exclusionary statute above, and the constitutional protections provided by the Fourth and Fifth Amendments are not applicable.

■ Neither is admission of the statement prohibited on the basis that it was privileged. However, " 'If parties sustaining confidential relations to each other hold their conversation in the presence and hearing of third persons, whether they be necessarily present as officers or indifferent bystanders, *such third persons* are not prohibited from testifying to what they heard.' " *Iwerks v. People*, 108 Colo. 556, 120 P.2d 961 (1941). (emphasis added) Therefore, the recitation by the sheriff's officer of the conversation between R.G. and his physician was properly admitted into evidence by the trial court.

We have considered the remaining assertions of error and find them to be without merit.

The judgment is affirmed.

PIERCE and STERNBERG, JJ., concur.