The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard John CURTIS,
Defendant-Appellant.

No. 80SA58.

Supreme Court of Colorado,
En Banc.

March 30, 1981.

Rehearings Denied May 18, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Leland S. Huttner and Michael D. Brown, Denver, for defendant-appellant.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Chief Appellate Deputy Public Defender, Denver, for amicus curiae Colorado State Public Defender.

QUINN, Justice.

The defendant, Richard John Curtis, appeals his conviction for extreme indifference murder in the first degree, section 18–3–102(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8), resulting from the death of his female companion. He challenges the statute proscribing extreme indifference murder as unconstitutionally vague and as violative of equal protection of the laws. We conclude that the defendant's conviction is constitutionally infirm because the statutory proscription of extreme indifference murder violates equal protection of the laws under Article II, Section 25, of the Colorado Constitution, and we reverse and remand for that reason. Because of this disposition, it is unnecessary to address the defendant's other claims in connection with evidential and procedural rulings of the trial court.

## I.

The defendant was charged with murder in the first degree after deliberation[1] and murder in the first degree by extreme indifference.[2] The evidence at trial established that the defendant had been living with the victim for over a year. Their relationship had been characterized by frequent acts of violence towards each other stemming from what psychiatric witnesses described as a sadomasochistic alliance.

The defendant spent the evening of December 20, 1978, drinking at a bar with two fellow employees and the wife of one of them. Later in the evening the victim joined them and the drinking continued there and at another bar. The defendant left the party in anger over what he believed were the victim's flirtations with other men and he returned home. The victim remained with the drinking party, becoming quite intoxicated, and eventually was taken home by her friends.

Shortly after arriving home she and the defendant engaged in an argument that culminated in severe physical violence. The defendant initially attempted to place the victim in a shower stall and to administer her a cold shower in order to sober her up. She came out of the shower and hit the defendant with several objects. He then wrestled with her and beat her severely about her entire body.

The defendant was awakened the next morning by the victim vomiting in bed. He removed the soiled sheet, washed the victim's face and left the house to run errands. Upon returning home at about 1:30 p. m. he observed the victim still lying in bed. He fell asleep watching television and several hours later awoke to loud gurgles made by the victim's erratic breathing. The defendant realized something was wrong but did nothing. A few hours later the victim expired. Medical testimony indicated that the victim's body had at least sixty bruises of recent origin. The cause of death was cardiorespiratory arrest due to brain injury.

The trial court instructed the jury on first degree murder after deliberation and first degree murder by extreme indifference. The culpability instruction on extreme indifference murder stated that the culpable mental state for that offense was "knowingly". That element, however, was defined only in terms of conduct and circumstance but not as to result. The instruction, as pertinent to extreme indifference murder, stated as follows:

"A person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists."

The jury was also instructed that if they did not find the defendant guilty of murder in the first degree, they may consider the lesser offenses of murder in the second degree,[3] reckless manslaughter[4] and criminal-

1. Section 18–3–102(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

2. Section 18–3–102(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8).

3. Section 18–3–103(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

4. Section 18–3–104(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

ly negligent homicide.[5] The jury returned one verdict, guilty of extreme indifference murder.

## II.

The defendant's principal contention is that extreme indifference murder, as defined in section 18–3–102(1)(d), violates equal protection of the laws because the statutory definition of that crime is indistinguishable from second degree murder. Our recent decision in *People v. Marcy*, Colo., 628 P.2d 69 (1981), controls the resolution of this issue. *Marcy* held that the statutory definition of extreme indifference murder violates equal protection of the laws under Article II, Section 25, of the Colorado Constitution because that crime is not sufficiently distinguishable from second degree murder to warrant the substantial differential in penalty authorized by the statutory scheme:

"By virtue of the 1977 amendment to the Colorado Criminal Code 'knowingly' was substituted for 'intentionally' in section 18–3–102(1)(d). Colo.Sess.Laws 1977, ch. 224, 18–3–102(1)(d) at 960. The elements of extreme indifference murder, as applicable to this case, are therefore: (1) under circumstances manifesting extreme indifference to the value of human life; (2) knowingly engaging in conduct that creates a grave risk of death to another; and (3) thereby causing the death of another. Second degree murder was likewise reduced to a general intent crime by deleting 'intentionally' and substituting 'knowingly'. Colo.Sess. Laws 1977, ch. 224, 18–3–103(1)(a) at 960. As provided in section 18–3–103(1)(a), second degree murder consists of causing the death of a person knowingly. Section 18–1–501(6), C.R.S. 1973 (1978 Repl. Vol. 8), defines knowingly or willfully as follows:

'A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such a nature or

that such circumstance exists. A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause that result.'

"Upon close scrutiny of the culpability elements of each offense, both of which mandate that the death-causing act be done 'knowingly', we are unable to find any rational basis of distinction between first degree murder by extreme indifference under section 18–3–102(1)(d) and second degree murder under section 18–3–103(1)(a). Moreover, the added component of section 18–3–102(1)(d)—'under circumstances manifesting extreme indifference to the value of human life'—adds nothing to the proscribed conduct that renders it reasonably distinguishable from the statutory definition of murder in the second degree."

On the basis of *Marcy* the defendant's conviction for extreme indifference murder must be reversed.

## III.

A reversal of a conviction based on a statutory crime that is constitutionally deficient as substantially indistinguishable from conduct proscribed by a less serious offense does not always require a new trial. On prior occasions where all the elements of the lesser offense were proved by competent evidence and were included in the jury's verdict of guilty to the more serious but constitutionally infirm crime, we have vacated the conviction and remanded with directions to enter a judgment of conviction on the lesser offense and to resentence the defendant. *People v. Dominguez*, 193 Colo. 468, 568 P.2d 54 (1977); *People v. Horrocks*, 190 Colo. 501, 549 P.2d 400 (1976); *People v. Webb*, 189 Colo. 400, 542 P.2d 77 (1975); *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1974). However, such a disposition is not appropriate here.

The jury instruction on the culpability for extreme indifference murder was defective because it defined "knowingly" with respect to conduct and circumstance,

---

**5.** Section 18–3–105(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

but not with respect to result. In *People v. Mingo,* 196 Colo. 315, 317, 584 P.2d 632, 633 (1978), we held that under the 1977 amendment to the Colorado Criminal Code "[s]econd-degree murder ... is a general intent crime which entails being aware that one's actions are practically certain to result in another's death." *See also People v. DelGuidice,* Colo., 606 P.2d 840 (1979); *People v. District Court, Sixth Judicial District,* 198 Colo. 70, 595. P.2d 1045 (1979). Due to the fundamental infirmity in the instruction defining "knowingly" for the purpose of extreme indifference murder, the jury's verdict of guilty to that offense did not include, as a matter of law, the determination that the defendant had the requisite culpability for second degree murder—an awareness that his conduct is practically certain to result in another's death.

Nor did the jury's verdict of guilty to extreme indifference murder explicitly or implicitly resolve the defendant's guilt to the crime of first degree murder after deliberation. In this case the defendant was charged alternatively with both first degree murder after deliberation and first degree murder by extreme indifference and alternative verdicts on these offenses were submitted to the jury. Under the statutory scheme first degree murder by extreme indifference carries the same penalty as murder after deliberation and is not a "lesser included offense" within the intended meaning of that term under section 18–1–408(5), C.R.S. 1973 (1978 Repl. Vol. 8). *See, e. g., James v. United States,* 238 F.2d 681 (9th Cir. 1956); *Jones v. People,* 93 Colo. 282, 26 P.2d 103 (1933); Annot., *What Constitutes Lesser Offenses "Necessarily Included" in Offense Charged,* 11 A.L.R. Fed. 173, 181–82 (1972).

Accordingly, the judgment is reversed and the cause remanded for a new trial on murder in the first degree after deliberation and any lesser included offenses that appropriately might be submitted to the jury on retrial.

ROVIRA, J., concurs in part and dissents in part.

ROVIRA, Justice, concurring in part and dissenting in part.

I dissent from Part II of the opinion for the reasons more fully set forth in my dissent in *People v. Marcy,* Colo., 628 P.2d 69 (1981). Inasmuch as the majority continues to hold to the views adopted in *Marcy,* I concur in the balance of the opinion concerning the need for a new trial upon remand of this case.