**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Joe TYLER, Defendant–Appellant.**

**No. 89CA0054.**

Colorado Court of Appeals, Div. II.

Aug. 9, 1990.

Rehearing Denied Sept. 13, 1990.

Certiorari Denied Dec. 24, 1990.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Joe Tyler, appeals the denial of his Crim.P. 35(c) motion in which he alleged various improprieties in the grand jury process leading to the indictments against him. We affirm.

On November 20, 1986, following law enforcement agency raids on two "crack" houses in Colorado Springs, an El Paso County grand jury indicted defendant and numerous other co-defendants on a charge of conspiracy to distribute a schedule II controlled substance (cocaine).

A superseding indictment was filed on January 23, 1987, which named additional co-conspirators and added two counts alleging that defendant was a "special offender."

Defendant entered pleas of not guilty, but was convicted by a jury of conspiracy to distribute a schedule II controlled substance. On appeal, this court affirmed his conviction in *People v. Tyler*, (Colo.App.

No. 87CA1699, November 24, 1989) (not selected for official publication).

While his appeal was pending, defendant moved for Crim.P. 35(c) relief in the trial court, and we remanded the case to allow a hearing on that motion. This appeal stems from the trial court's denial of defendant's Crim.P. 35(c) motion.

In that motion, defendant contended that the indictment against him should be dismissed and his conviction vacated because a statutorily sufficient number of grand jurors was not present at the grand jury sessions. He further contended that the instructions given to the grand jury were confusing and defective and that the trial court erred in failing to dismiss the indictment on that basis. We conclude that the trial court properly denied defendant's motion.

 Defendant did not raise any issues concerning alleged defects in the grand jury proceeding until after he had been convicted. We hold that irregularities in grand jury proceedings must be raised prior to the determination of the defendant's guilt in order to be reviewable on appeal. *See United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *Mulligan v. People*, 68 Colo. 17, 189 P. 5 (1920). *See also* Mueller, *Grand Jury Abuse, The Remedy After Mechanik & Kilpatrick*, 17 Colo.Law. 647 (April 1988).

In *United States v. Mechanik, supra*, the defendant, who had been subsequently convicted at trial, cited alleged technical violations during the testimony stage of a grand jury proceeding. The Court ruled that any error which may have occurred during grand jury proceedings was rendered harmless by the trial jury's verdict finding the defendant guilty of the offense, and that the verdict demonstrated *a fortiori* that there was probable cause to charge the defendant with the offenses for which he was convicted.

 Although this precise issue has not been addressed in Colorado as it relates to grand jury proceedings, it has been held that once a defendant has been found guilty beyond a reasonable doubt, the issue

of probable cause found at a *preliminary hearing* becomes moot. *People v. Horrocks*, 190 Colo. 501, 549 P.2d 400 (1976); *People v. Martin*, 670 P.2d 22 (Colo.App. 1983). And, inasmuch as both a preliminary hearing and a grand jury proceeding address the question whether there is probable cause that a crime has been committed and whether the defendant committed the offense, the reasoning of these cases is applicable here.

Here, as in *Mechanik*, a totally separate jury listened to the evidence and concluded that there was not only probable cause to believe that the defendant had committed the crime, but also proof beyond a reasonable doubt that he had done so.

The order of the trial court is affirmed.

SMITH and METZGER, JJ., concur.