MR. JUSTICE KELLEY
delivered the' opinion of the Court.
Frederick Arthur Quintana was convicted of burglary and theft, C.R.S. 1963, 40-3-5 and 1967 Perm. Supp., C.R.S. 1963, 40-5-2, respectively. He is here on writ of error seeking review.
The Pagosa Bar in Pagosa Springs was burglarized during the early morning hours of August 27, 1968. Taken in the burglary were several bottles of liquor, cash from the cash register, and cash and cigarettes from the cigarette machine. The police investigation disclosed latent fingerprints on the cigarette machine and the cash register. Though several of these were unidentifiable, some were identified by the F.B.I. as Quintana’s.
The defendant’s arrest and interrogation followed. During this interrogation, Quintana made an oral confession of guilt. In an in camera suppression hearing the trial court held that this confession was admissible, having been voluntarily made pursuant to a knowing and intelligent waiver of his rights to counsel and to remain silent. Defendant’s defense was an alibi. It was corroborated by his wife and cousin. Defendant relies for reversal on two grounds: (1) that the trial court erred in finding that the confession was (a) voluntary and (b) pursuant to a proper waiver and (2) that it erred in refusing to give defendant’s tendered instruction on specific intent. We find no error and therefore affirm.
I.
The defendant contends that his confession was obtained either in response to a promise by the district attorney or on the mistaken belief that he would be released if he admitted to the burglary. Further, defendant argues that he does not remember receiving the full warning required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that in any case, he did not understand that he was entitled to an attorney at his interrogation. However, defendant’s *215 testimony, although inconclusive, admits that he was advised of his rights and that an attempt was made to ascertain that he understood what those rights were. He also admitted that he confessed. The district attorney, corroborated by his deputy, testified positively that Miranda warnings were given before any interrogation occurred and that the defendant indicated that he understood their significance.
Regarding voluntariness, the district attorney stated that no promises were made to defendant, but the defendant was primarily concerned with whether or not he would have to go to jail. He was informed that in all probability he would. Further, the district attorney testified:
“[A] fter we had talked to him for a while, perhaps twenty minutes or so, he finally blurted out, ‘All right, I did it. That’s what you want to know,’ and he said, T did it.’ And I stopped him and I said, ‘Freddy, that’s not what we want to hear. We don’t want to hear a hollow remark of that sort. We want to know details, we want to be sure that you were involved. We want to know how you got in the place. Did you have a key? Who was with you? What became of the liquor?’ ”
The deputy district attorney, Mr. Buggs, corroborated Mr. Childress’ account in every material respect.
 At the close of the hearing the trial court found that the confession was voluntary and in compliance with Miranda requirements. The trial court’s finding of a knowing and intelligent waiver is supported by the evidence. See Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618.
II.
The defendant bottoms his second assignment of error upon the refusal of the trial court to give his requested instruction on specific intent as an element of burglary. Concomitant to his argument on the refusal is the one that the court failed to cover the matter in the instructions which it did give.
Upon review of the tendered instructions, we conclude that they do not contain a correct statement of the law. On the other hand, the instructions given by the court adequate *216 ly advised the jury of the element of specific intent as it relates to the crime of burglary, particularly under the issues as drawn in this case.
The refusal to submit defendant’s tendered instructions, which were covered by those given by the trial court, was not error. Winters v. People, 174 Colo. 91, 482 P.2d 385.
The judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE not participating.