## No. 25595

**The People of the State of Colorado v. Eugene A. Crawford**
(515 P.2d 631)

Decided November 5, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

In 1959, Eugene A. Crawford, petitioner herein, was convicted by a jury of aggravated robbery. On direct appeal the judgment was affirmed in *Crawford v. People,* 144 Colo. 385, 356 P.2d 485. Some twelve years later, petitioner brought a 35(b) motion in the District Court of the City and County of Denver. The district court denied his motion, and petitioner appeals from that ruling. We find no error and, therefore, affirm.

Petitioner asserts that the trial court erred in failing to properly instruct the jury on specific intent element for the crime of aggravated robbery.

First, we note that a motion under Crim. P. 35(b) is not a substitute for a writ of error. Mere error, unless of constitutional dimension, is no grounds for post-conviction relief. Crim. P. 35(b); *Morse v. People,* 180 Colo. 49, 501 P.2d 1328; *Hooker v. People,* 173 Colo. 226, 477 P.2d 376; *Lucero v. People,* 173 Colo. 94, 476 P.2d 257. In fact, however, defendant's contention must fail even on the merits of the proposition.

In the instant case the following instruction on aggravated robbery was submitted to the jury:

"You are instructed that robbery is defined to be the felonious and violent taking of money, goods or other valuable thing from the person of another by force and intimidation, and that to constitute the crime of aggravated robbery the defendant must have been at the time of the robbery armed with a dangerous weapon, *with intent,* if resisted, to kill, maim or wound the person robbed, or some other person." (Emphasis added.)

Thus, the jury was instructed in plain understandable English that a conviction for aggravated robbery requires that the defendant have the specific intent to kill, maim or wound, if resisted, in his attempt to commit the robbery. *See People v.*

*Ortega,* 181 Colo. 223, 508 P.2d 784. That instruction, read together with the other instructions given and more particularly the instruction requiring the People to prove every element beyond a reasonable doubt, adequately apprised the jury of the law. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633. While the instructions might not have been as explicit as those approved in the Colorado Jury Instructions – Criminal (1972), we believe that the jury was adequately instructed on the elements of aggravated robbery.

Accordingly, we affirm the district court's ruling.

MR. JUSTICE HODGES does not participate.