## No. C-807

### The People of the State of Colorado v. Baltazar Arispe

(555 P.2d 525)

Decided September 27, 1976.                    Rehearing denied October 25, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, E. Ronald Beeks, Assistant, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of attempted second degree kidnapping (1971 Perm. Supp., C.R.S. 1963, 40-2-101 and 40-3-302),[1] and of menacing by the use of a deadly weapon (1971 Perm. Supp., C.R.S. 1963, 40-3-206.)[2] The conviction was reversed by the Colorado Court of Appeals, 36 Colo. App. 355, 543 P.2d 95, and we granted certiorari in order to review that decision. We reverse the court of appeals and affirm the trial court.

The People's testimony was to the following effect. On the afternoon of September 10, 1973, the defendant drove to the residence of the female complaining witness. Upon requesting directions to a dairy farm, he was invited into the house. Once inside, the defendant grabbed her and held a knife to her throat. For several minutes she tried to convince him to release her, after which, at knife point, he forced her outside and toward his truck. She then managed to escape. The defendant made no attempt to follow.

The defendant was arrested several days later and the complaining witness identified him as her assailant. After being advised of his *Miranda* rights, the defendant confessed, stating, however, that instead of a knife, he had used a spoon during the incident.

After an *in camera* hearing, the trial court denied the defendant's motion to suppress the confession, finding that it was voluntary.

The court of appeals affirmed the trial court as to its finding of voluntariness, but reversed as plain error the failure of the court to give *sua sponte* an instruction on the weight to be given to the confession. The court of appeals also reversed the trial court in its refusal to give a

---

[1] Now sections 18-3-302 and 18-2-101, C.R.S. 1973.
[2] Now section 18-3-206, C.R.S. 1973.

requested instruction to the effect that false imprisonment was a lesser included offense of attempted second degree kidnapping.

## I.

The circumstances surrounding the defendant's confession are contained in the court of appeals' opinion. These facts come from the testimony at the *in camera* hearing. On trial the testimony was without conflict that the defendant's confession was voluntary. The facts, which might have raised a question as to voluntariness in the mind of the jury, were not before the jury at trial and were confined solely to the *in camera* hearing.

The jury was instructed generally and correctly upon the weight to be accorded to the evidence. We are asked to rule that, absent a specific request for such an instruction, the trial judge still has a duty to instruct the jury properly on the weight to be given a confession under Colorado Jury Instructions — Criminal § 4:5.[3] We need not and do not rule on whether a court in a proper case must give this instruction *sua sponte* because there was no issue made by the evidence as to voluntariness of the confession. There being no issue, the court of appeals was incorrect in its conclusion that a specific instruction should have been given *sua sponte*.

## II.

The court of appeals ruled that it was error for the trial court to refuse defendant's requested instruction which stated that false imprisonment was a lesser included offense of attempted second degree kidnapping. A court need not instruct a jury on a lesser included offense unless there is a rational basis, supported by the evidence, for acquitting the defendant of the greater offense charged and convicting him of the lesser included offense. Section 18-1-408(6), C.R.S. 1973; *People v. Shannon*, 189 Colo. 287, 539 P.2d 480 (1975); and *People v. Thompson*, 187 Colo. 252, 529 P.2d 1314 (1975). The element contained in second degree kidnapping and not contained in false imprisonment is that of *transportation* of the victim. The evidence is without conflict that, if she was falsely imprisoned, she was also transported.

The judgment is reversed and the cause returned to the court of appeals with directions to affirm the judgment of the district court.

---

[3] The defendant cites *People v. Shearer*, 181 Colo. 237, 508 P.2d 1249 (1973), which states that there may be a possibility that reversible error in this respect may be first raised on appeal. As dictum we observe that the statement in *Shearer* also is dictum.