The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles REED, Defendant-Appellant.

No. 83CA0084.

Colorado Court of Appeals,
Div. I.

May 10, 1984.

Rehearing Denied May 31, 1984.

Certiorari Denied Dec. 10, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Seth J. Benezra, Deputy State Public Defenders, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant appeals the judgment of conviction entered on verdicts of guilty of second degree burglary and misdemeanor theft. We reverse.

I.

The prosecution's evidence established that at noon on September 16, 1981, defendant entered an office on the second floor of a five-story office building in Colorado Springs. He passed through the office reception area, went behind a desk to a file cabinet, opened it and removed two cloth bags, then fled from the office building. Upon apprehension, defendant was found to be carrying two bank deposit bags which had been removed from the file cabinet.

Defendant asserts that there was insufficient evidence of "unlawful entry" to support a conviction for burglary. He contends that because the office in question was open to the public, he could not have entered unlawfully. *See* § 18–4–201(3), C.R.S. (1978 Repl.Vol. 8). We do not agree.

In *People v. Bozeman,* 624 P.2d 916 (Colo.App.1980) we stated that "open to the public" means:

"[P]remises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe no permission to enter or remain is required."

We conclude that whether the area between the desk and file cabinet was open to the public was a question of fact for the jury to determine.

An office worker testified that this area was not open to the public. Although this area was apparently a passageway to the restroom, only customers or employees could use the restroom, and defendant was neither. This testimony was sufficient to support the jury's finding of unlawful entry beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

## II.

Asserting plain error, defendant contends that the trial court erred in failing to include the result factor in its definitional instruction of "knowingly." We agree.

The jury was instructed that "[a] person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that such circumstance exists." However, the jury was not instructed as to the result factor of "knowingly," *i.e.,* that "[a] person acts 'knowingly' ... with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result."

In *People v. Derrera,* 667 P.2d 1363 (Colo.1983), a case involving attempted robbery, our Supreme Court held "that an instruction defining 'knowingly' as an awareness by the defendant that his conduct is 'practically certain to cause the result' would necessarily require the jury to be satisfied beyond a reasonable doubt that he also was aware that 'his conduct is of such nature' and that 'the circumstance exists' before he could be found guilty of these offenses." The Supreme Court determined that "robbery involves conduct (use of force, threats, or intimidation), circumstance (thing of value and from the person or presence of another), and result (taking)." Because the elements of theft and robbery are substantially similar, we are constrained to conclude that theft involves conduct (without authorization, or by threat or deception), circumstance (thing of value of another), and result (obtaining or exercising control, *i.e.,* the "taking"). Section 18–4–401, C.R.S. (1978 Repl.Vol. 8); *People v. Derrera, supra; cf. People v. Romero,* 689 P.2d 692 (Colo.App.1984).

Here, the definitional instruction with respect to the conduct and circumstance factor of "knowingly" would not necessarily require the jury to be satisfied beyond a reasonable doubt that the "taking" must be practically certain to obtain from defendant's conduct. Therefore, the jury's verdict of guilty did not include, as a matter of law, the determination that defendant had the requisite culpability for commission of theft. *See People v. Curtis,* 627 P.2d 734 (Colo.1981).

This fundamental infirmity in the instruction defining "knowingly" constitutes plain error. And, failure to instruct properly on the mens rea of theft, the ulterior crime of burglary, compels a determination of plain error with regard to the burglary instruction. *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972).

Because defendant's remaining contention of error is unlikely to occur on retrial, we need not address it.

The judgments of conviction are reversed and the cause is remanded for new trial.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

The issue upon which the majority reverses this conviction was not preserved for review. No objection was made to the form of the definitional instruction in the trial court; no instruction containing a definition of the term was tendered by the defendant; and the issue was not raised in the motion for new trial. Thus, we must address the contention of error on the plain error standard. In my view, even if there was error, which I do not concede, in the failure to define the term knowingly as to result, it did not adversely affect a substantial right of defendant.

The defendant has not met his heavy burden of showing that this allegedly incomplete instruction prejudiced him. It is significant that the instruction does not contain a misstatement of law. *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). *See also People v. Crawford*, 183 Colo. 166, 515 P.2d 631 (1973), and *People v. Romero*, 689 P.2d 692 (Colo.App.1984). And, in light of the compelling evidence of defendant's guilt, together with the abstract nature of the omitted instruction, I cannot conceive of a juror whose views would have been altered one iota by having heard such instruction.

The defendant was convicted of theft and of second degree burglary. Certainly as to the conviction of second degree burglary there was no error. The result of defendant's conduct is identical to the requisite conduct needed for the conviction. *See People v. Curtis*, 627 P.2d 734 (Colo.1981).

Moreover, any deficiency in the instruction in question was rendered harmless because the court did give a full definitional instruction regarding specific intent required in each crime. *See People v. Hart*, 658 P.2d 857 (Colo.1983); *People v. Mason*, 643 P.2d 745 (Colo.1982).

For these reasons I would affirm the convictions in this case.