The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Paul Dana WILLIAMS,** Defendant-Appellant.

No. 86CA0003.

Colorado Court of Appeals, Div. III.

Nov. 20, 1986.

Rehearings Denied Dec. 24, 1986.

Certiorari Denied (People) May 11, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Paul Dana Williams, pro se.

BABCOCK, Judge.

Defendant, Paul Dana Williams, appeals the trial court's denial of his motion for post-conviction relief pursuant to Crim.P. 35(c). We affirm.

Defendant was charged with kidnapping, assault, and sexual assault. At his first trial, defendant was convicted of kidnapping and assault, and, following mistrial on the sexual assault charge, was subsequently convicted of that offense as well. On defendant's appeal, this court affirmed these convictions. *See People v. Williams,* (Colo.App. Nos. 82CA0198 and 82CA0422, October 13, 1983) (not selected for official publication) (text attached as Appendix A). No petition for rehearing or further appeal of those convictions was pursued. However, defendant, acting pro se, thereafter filed a Crim.P. 35(c) motion, which the trial court denied.

## I.

Defendant first contends that the trial court erred in refusing to permit his wife's testimony as to his nonviolent character and prior sexual conduct. He also argues that the prosecutor's remarks during cross-examination and closing argument were so prejudicial as to constitute reversible error. Neither of these alleged errors is proper ground for post-conviction relief under Crim.P. 35(c). *See People v. Crawford,* 183 Colo. 166, 515 P.2d 631 (1973); *Walters v. People,* 166 Colo. 90, 441 P.2d 647 (1968).

## II.

Defendant next asserts he was improperly placed in double jeopardy on the sexual assault charge, since there was no manifest

necessity for the trial court to declare a mistrial on this count. We disagree.

The trial court determined that the first jury was deadlocked on the sexual assault charge and, therefore, declared a mistrial. We decline to interfere with the trial court's exercise of discretion in this regard. *See People v. Castro*, 657 P.2d 932 (Colo. 1983).

■ We likewise reject defendant's argument that conviction of assault barred his conviction of sexual assault. These offenses have distinct elements that are not subsumed by each other. *See* §§ 18–3–204 and 18–3–404, C.R.S. (1986 Repl.Vol. 8B); *see also People v. Powell*, 716 P.2d 1096 (Colo.1986).

### III.

Defendant further contends that his right to speedy trial was violated. Because we addressed this issue on direct appeal, *People v. Williams, supra*, we do not reconsider it here. *See People v. Johnson*, 638 P.2d 61 (Colo.1981).

### IV.

Finally, defendant claims that he was denied effective assistance of counsel in that his attorney failed to file a petition for rehearing of this court's prior decision, thus precluding Supreme Court review. We agree.

■ In considering whether defendant is entitled to post-conviction relief under Crim.P. 35(c) for denial of his right to appeal because of ineffective assistance of counsel, defendant must show that some meritorious ground for appeal exists, or that counsel committed fraud, deception, or breach of an express agreement to prosecute an appeal. *Stroup v. People*, 656 P.2d 680 (Colo.1982). To be meritorious, a ground of appeal must not be facially frivolous. *Stroup v. People, supra.* Here, as demonstrated by our treatment of the issues in *People v. Williams, supra*, defendant has grounds for appeal that are not facially frivolous. *See People v. Williams, supra.*

■ Defendant represents that his attorney was retained to pursue his appeal "up to but not including the Supreme Court of Colorado." While there is no right to effective assistance of counsel to pursue strictly discretionary appeals, *see Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), under Colo. Const. art. VI, § 2(2), review by petition for writ of certiorari to the Colorado Supreme Court is an application of right, not discretion. *See Bill Dreiling Motor Co. v. Court of Appeals*, 171 Colo. 448, 468 P.2d 37 (1970). Thus, defendant had a constitutional right to effective assistance of this attorney in the filing of a petition for rehearing in the Court of Appeals which is a prerequisite for an application for a writ of certiorari. *See* C.A.R. 52(b).

■ We, therefore, conclude that defendant was denied effective assistance of counsel by his attorney's failure to file a timely petition for rehearing by this court. Moreover, the trial court incorrectly concluded that Crim.P. 35 motions do not permit the trial court to consider allegations of ineffective assistance of counsel in appellate proceedings. *See Stroup v. People, supra;* Crim.P. 35(c)(2)(VI).

■ Pursuant to C.A.R. 2, this court may, for good cause shown, suspend the provisions of any appellate rule in a particular case and order proceedings in accordance therewith. Therefore, because a lack of effective assistance of counsel denied defendant the opportunity to file a petition for a writ of certiorari in the Supreme Court, we hereby suspend the provisions of C.A.R. 40(a), and grant defendant fourteen days from the date mandate issues in this case within which to file a petition in this court for rehearing in *People v. Williams, supra.* Should his petition be denied, defendant would then be entitled to petition the Supreme Court for a writ of certiorari within the time allotted by C.A.R. 52(b).

Although the trial court erred in finding there had been no denial of effective assistance of counsel, we have now provided a remedy for that error. Accordingly, the

trial court order is affirmed in all other respects.

VAN CISE and METZGER, JJ., concur.

### Appendix A

Defendant in this case was tried on charges of kidnapping, assault, and sexual assault. In the first trial the jury convicted him of kidnapping and assault but was unable to reach a decision on the sexual assault charge. After a second trial on the sexual assault charge the defendant was found guilty. The defendant appeals all three convictions. We have consolidated his two appeals here. We affirm.

### I.

The defendant asserts that at the first trial the court erred in refusing his request that the jury be instructed on the crime of false imprisonment as a lesser included offense relative to the kidnapping charge. We disagree.

Generally, a defendant is not entitled to an instruction concerning a lesser included offense unless a jury could, from the evidence, find him guilty of the lesser offense but not of the greater. *Ortega v. People*, 178 Colo. 419, 498 P.2d 1121 (1972). Here, the evidence, even when considered in the light most favorable to the defendant, clearly demonstrated that the nature of the false imprisonment was such that of necessity it involved transportation of the victim. Thus, the element of asportation, which turns false imprisonment into kidnapping was present, and the jury could not have found false imprisonment without finding kidnapping also. *See People v. Ross*, 179 Colo. 293, 500 P.2d 127 (1972); *People v. Arispe*, 191 Colo. 555, 555 P.2d 525 (1976). There was therefore no error in refusing to instruct the jury on the offense of false imprisonment.

In light of our holding that the trial court did not err in refusing to instruct the jury on the lesser included offense of false imprisonment, there can likewise be no error in its refusal to instruct the jury in the first trial that the defendant's theory of the case was that he was guilty of false imprisonment rather than kidnapping.

### II.

Defendant next asserts that the photos offered by the prosecution on the second trial of the sexual assault charge did not accurately reflect the condition of the victim at the time the pictures were taken and, thus, by implication, that they were inflammatory. These assertions are without support in the record. There is uncontroverted testimony in the record to the effect that the photos were taken shortly after the incident, and that the photos did, as the trial court found, accurately reflect the condition of the victim at the time they were taken.

A trial court has broad discretion in determining the admissibility of photographs. *People v. Crespin*, 631 P.2d 1144 (Colo. App.1981). Photographs may be used as a graphic portrayal of the appearance or condition of a victim, or for any other matters which are competent for a witness to describe. *People in Interest of R.G.*, 630 P.2d 89 (Colo.App.1981). The question of relevancy under CRE 403 rests in the sound discretion of the trial court, and unless an abuse of that discretion is shown, the trial court's ruling will not be disturbed on review. *Hinton v. People*, 169 Colo. 545, 458 P.2d 611 (1969), *cert. denied*, 397 U.S. 1047, 90 S.Ct. 1375, 25 L.Ed.2d 659 (1970). No such abuse occurred here.

### III.

Defendant next asserts that the court erred in refusing to give two additional theory of the case instructions at both trials. The first of these tendered in the second trial on the sexual assault charge was based in part on the theory that there was no sexual contact with the victim that could reasonably be construed as being for the purpose of sexual arousal or gratification. It also purported to advise the jury that the defendant contended that the victim had consented to the asportation. That portion of the instruction which is not merely a denial, deals with consent to asportation which is irrelevant to the charge

of sexual assault. We agree with the trial court's refusal of this instruction. *Quintana v. People*, 178 Colo. 213, 496 P.2d 1009 (1972).

Defendant's second proposed instruction also tendered in the second trial repeats verbatim a portion of the first instruction considered above, and is nothing more than a general denial of the charge and is not a theory of the case instruction. When a tendered instruction does not set forth any theory of the case other than a general denial, is merely a restatement of defendant's evidence without any result in theory, and is merely another attempt to reargue the case, such instruction may properly be rejected. *Marn v. People*, 175 Colo. 242, 486 P.2d 424 (1971). No error can thus be found in refusing to give the jury this instruction.

## IV.

Defendant lastly asserts that his right to a speedy trial has been violated in that his first trial was not commenced until eight months and eleven days after arraignment. This contention is without merit.

A review of the record indicates that the court could have set the trial date within six months of the arraignment date.

The following colloquy between the court and counsel demonstrates the defendant's concurrence with the court's belief that the proposed trial date would be in compliance with the speedy trial rule.

"The court: How long will this case take to try?

Defense counsel: Three days.

Prosecution: I believe that's correct, your honor. Your honor do your records reflect the date of the arraignment in this case?

The court: I assume they do.

Prosecution: There were a number of continuances.

The court: Yes there were, and the most recent continuance was apparently by action of the defendant. I think we have six months from today within which to get this matter tried. Anybody disagree with that?

Defense counsel: I think that's probably a correct statement your honor...."

The comments of the court and counsel evidence that a waiver of the statutory right to a speedy trial had occurred. *See People v. Luevano*, 670 P.2d 1 (Colo.1983); *People v. Fetty*, 650 P.2d 541 (Colo.1982).

Defendant asserts that *Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977) is controlling. This reliance on *Harrington* is misplaced because *Harrington* involved mere silence on the part of defense counsel. In this case defense counsel, as an officer of the court, allowed a trial date to be set in reliance upon his own statements and admissions. We hold that the defendant is bound by these actions of his counsel.

Judgments affirmed.

VAN CISE and KELLY, JJ., concur.