The **PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**James C. JOYCE, Defendant–Appellant.**

**No. 01CA1352.**

Colorado Court of Appeals,
Div. IV.

Oct. 10, 2002.

Rehearing Denied Nov. 14, 2002.

Certiorari Denied May 12, 2003.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Hollis A. Whitson, P.C., Hollis A. Whitson, Eric A. Samler, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, James C. Joyce, appeals from a judgment entered on a jury verdict finding him guilty of attempted second degree kidnapping, assault, and false imprisonment. We affirm.

Defendant and his son woke the victim from his sleep, hit him multiple times, and took him from his room, allegedly intending to take the victim to jail. At some point, the victim was handcuffed. The victim broke free and ran out of the apartment. Defendant's son pursued and seized the victim and brought him back to the apartment, at which point police arrived.

Defendant asserted self-defense. However, the trial court refused to allow defendant to argue as an alternative defense that, because he believed the victim had previously been involved in a robbery, he was effecting a citizen's arrest.

## I.

■ Defendant contends that the trial court erred in refusing to allow him to assert an affirmative defense alleging use of physical force necessary to effect an arrest by a private person pursuant to § 18–1–707(7), C.R.S.2002, and in instructing the jury that the defense did not apply as a matter of law because defendant had not witnessed the victim's alleged crime. We disagree.

Section 18–1–707(7) states:

A private person acting on his own account is justified in using reasonable and appropriate physical force upon another person when and to the extent that he reasonably believes it necessary to effect an arrest, or to prevent the escape from custody of an arrested person who has committed an offense in his presence . . . .

However, § 16–3–201, C.R.S.2002, provides that "A person who is not a peace officer may arrest another person when any crime has been or is being committed by the arrested person in the presence of the person making the arrest."

Defendant does not dispute that the plain language of § 16–3–201 authorizes a private person to arrest another when a crime is committed in his or her presence. Nonetheless, defendant argues, in § 18–1–707(7), the phrase "who has committed an offense in his presence" only applies to the second clause, "to prevent the escape from custody of an arrested person," and does not apply to a person simply effecting an arrest. Thus, he maintains, he was entitled to assert the use of physical force as a defense. We disagree.

■ The goal in interpreting any statute is to determine and give effect to the intent of the General Assembly by looking first to the language of the statute itself. A statutory scheme must be read as a whole and interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *State v. Nieto,* 993 P.2d 493 (Colo.2000); *People v. Garcia,* 64 P.3d 857 (Colo.App.2002). Moreover, when interpreting two statutory sections, we must attempt to harmonize them to give effect to their purposes and, if possible, reconcile them so as to uphold the validity of both. *Norsby v. Jensen,* 916 P.2d 555 (Colo. App.1995).

Here, the two statutes serve related, but different, purposes. On the one hand, § 16–3–201 concerns the authority of a person who is not a peace officer to make an arrest in certain circumstances. On the other hand, § 18–1–707(7) is part of the article codifying

affirmative defenses including, inter alia, the use of physical force. Whereas the former statute explains who can make arrests and under what circumstances, the latter sets forth when a person lawfully effecting an arrest is permitted to use physical force.

Thus, read in proper context, § 18–1–707 applies to persons otherwise authorized to make arrests, namely peace officers, and, pursuant to § 16–3–201, private persons. Hence, contrary to defendant's contention, an arrest must first be authorized under § 16–3–201 before a private person can use physical force to effect it under § 18–1–707(7). Furthermore, when a person already under arrest has attempted an escape, the second clause of § 18–1–707(7) similarly permits a private person to use physical force but, again, only when the attempted escape is committed in his or her presence.

Here, defendant concedes that the victim did not commit a crime in his presence. As a result, defendant was not authorized to make an arrest and, therefore, was not justified in using physical force against the victim. Thus, the court did not err by precluding the affirmative defense. Likewise, the court correctly instructed the jury that the defense did not apply.

## II.

■ Defendant next contends that the court erred by admitting certain hearsay statements from two witnesses. Because these arguments are made for the first time on appeal, we review them under a plain error standard. *See People v. Fuller,* 788 P.2d 741, 747 (Colo.1990)("The appropriate standard for plain error review is whether an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction."). We find no plain error.

During direct examination, an emergency room treating physician testified that the victim told her that he was handcuffed by his assailant. The prosecutor asked for clarification as to whether she wrote down "assailant" or "assailants." She corrected herself, stating that she wrote down "assailants." Defendant argues that this was improper hearsay. We disagree.

Here, the victim's statement was made in response to standard questions designed to elicit facts necessary for medical diagnosis and treatment and was therefore admissible pursuant to CRE 803(4). *See People v. Martinez,* 18 P.3d 831 (Colo.App.2000)(victim identified the defendant to emergency medical personnel as the perpetrator).

■ Moreover, contrary to defendant's argument, whether he personally handcuffed the victim was not dispositive because there was sufficient evidence of defendant's guilt as a complicitor. *See People v. Eppens,* 979 P.2d 14 (Colo.1999)(evidence of guilt mitigates effect of witness's statement in plain error review).

■ Defendant also contends that it was plain error to allow the prosecutor to elicit from the arresting officer hearsay statements made by the victim, such as how much the victim had to drink or whether he was a light or heavy sleeper. Defendant asserts that this evidence indicated when the handcuffs were placed on the victim and, therefore, was pivotal to his defense of self-defense. However, this testimony was merely cumulative and could have had little impact on the verdict in light of the extensive testimony given by defendant, defendant's son, the victim, and a witness, as to when the handcuffing occurred.

## III.

■ During jury selection, defendant mentioned a publicized incident in which two people were killed trying to stop a crime. Defendant stated that, although it was "tragic," it was also an example of someone trying to effect a legitimate citizen's arrest. In closing argument, the prosecutor referred to defense counsel's discussion of that incident, stating, "Those are the kinds of things that happen to people when they try to take the law into their own hands. And this outcome is what happened to [the victim] when the defendant and his son took the law into their own hands."

Defendant argues that the prosecutor's statement was prejudicial and constituted reversible error. We disagree.

■ Because defendant did not object to the comments during closing argument, we again review for plain error. A prosecutor's misconduct is plain error if it is flagrant or glaringly or tremendously improper. *See People v. Constant,* 645 P.2d 843 (Colo.1982).

Here, defendant initially discussed the incident during jury selection, casting a citizen's arrest in a positive and heroic light. *See People v. Vialpando,* 804 P.2d 219 (Colo.App.1990)(reviewing court should consider whether defense counsel invited remark). Moreover, because defendant could not use the defense of citizen's arrest, both parties' statements were tangential and could not have prejudiced defendant as to any legitimate issue in the case.

In any event, overwhelming evidence of guilt was presented at trial, including the testimony of defendant's son, his son's girlfriend, and two police officers, as well as defendant's own testimony that he conspired with his son to take the victim to jail. Hence, the prosecutor's remarks had little, if any, effect on the reliability of the judgment of conviction. *See People v. Vialpando, supra* (plain error only where prosecutorial misconduct affected verdict).

### IV.

■ Defendant contends that his conviction of both attempted second degree kidnapping and false imprisonment violates his right to be free from double jeopardy. In a related argument, defendant also contends for the first time on appeal that the trial court erred in failing to instruct the jury that false imprisonment is a lesser included offense of second degree kidnapping and attempted second degree kidnapping. We disagree with both contentions.

A defendant may not be subject to multiple convictions for the same conduct if one offense is included in the other. *See §§ 18-1-408(1)(a), (5)(a), C.R.S.2002.* If proof of the facts establishing the statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included for the purposes of § 18-1-408(5)(a). *See People v. Leske,* 957 P.2d 1030 (Colo.1998). To determine whether one offense is a lesser included of another, it is necessary to look at the elements of each offense and not at the evidence presented at trial. *See People v. Harlan,* 8 P.3d 448 (Colo.2000)(applying strict elements test and refusing to review evidence at trial to determine separate evidentiary basis for attempted murder and murder).

A person commits second degree kidnapping if the person knowingly seizes and carries any person from one place to another, without his or her consent, and without lawful justification. Section 18-3-302(1), C.R.S. 2002.

A person commits criminal attempt if, acting with the kind of culpability otherwise required for the commission of an offense, he or she engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, that is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense. Section 18-2-101(1), C.R.S. 2002.

A person who knowingly confines or detains another without the other's consent and without proper legal authority commits false imprisonment. Section 18-3-303(1), C.R.S. 2002.

■ False imprisonment is a lesser included offense of second degree kidnapping. *See People v. Williams,* 736 P.2d 1229 (Colo. App.1986); *see also People v. Arispe,* 191 Colo. 555, 555 P.2d 525 (1976)(transportation of the victim is an element of second degree kidnapping and not of false imprisonment).

Here, however, defendant was not convicted of second degree kidnapping; he was convicted of attempted second degree kidnapping. To prove the attempted offense, the prosecution need not prove every element of second degree kidnapping, but rather, only that defendant possessed the required intent and took a substantial step toward commission of the crime. *See § 18-2-101(1); People v. Frysig,* 628 P.2d 1004 (Colo.1981)(purpose equivalent to intent); *see also People v. Krovarz,* 697 P.2d 378 (Colo.1985)(clarifying *Frysig* ).

Thus, a prosecutor can prove attempted second degree kidnapping without showing that the victim was actually "seized" or, in other words, falsely imprisoned. For example, a person could commit attempted second degree kidnapping by knowingly making preparations for the abduction and transportation of a victim and then making efforts to lure that victim to a place where he or she could be detained. In this example, if the plan were thwarted before the physical abduction of the victim, the person could nevertheless be guilty of attempted second degree kidnapping, but would not have committed false imprisonment. *Cf. People v. Griffith*, 58 P.3d 1111 (Colo.App.2002)(third degree criminal trespass is not a lesser included offense of attempted first degree criminal trespass; a defendant can attempt to commit first degree criminal trespass without entering upon the subject premises).

Consequently, because false imprisonment includes an element not present in attempted second degree kidnapping, double jeopardy concerns are not implicated. *See People v. Webster*, 987 P.2d 836 (Colo.App.1998)(assault does not merge into attempted first degree murder because an element of assault—that defendant inflicted bodily injury—is not an element of attempted first degree murder); *cf. People v. Arispe, supra* (where defendant convicted of attempted kidnapping, instruction on false imprisonment was not required because evidence revealed that if victim was falsely imprisoned, she was also transported).

For the same reason, the court was not required to instruct the jury that false imprisonment is a lesser included offense of attempted second degree kidnapping. Furthermore, because defendant was not convicted of second degree kidnapping, any failure to instruct the jury that false imprisonment is a lesser included offense of that crime is necessarily harmless.

Judgment affirmed.

Judge VOGT and Judge DAILEY concur.